UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RYBOVICH BOAT COMPANY, LLLC,     CASE NO. 08-80768-CIV-MARRA/JOHNSON
d/b/a Rybovich Spencer,

      Plaintiff,                               IN ADMIRALTY

vs.

M/V SILVER SWAN, her engines,
tackle, apparel, appurtenances, etc.,
having Official No. 251399, *in rem*,
and RAY M. FREEMAN, *in personam*,

      Defendants.
_____/

**FINAL DEFAULT JUDGMENT AGAINST M/V SILVER SWAN
AND RAY M. FREEMAN, AND
ORDER DIRECTION SALE OF THE VESSEL, HER ENGINES, ETC.**

THIS CAUSE came before the Court upon Plaintiff's Motion for Final Default Judgment against M/V SILVER SWAN and RAY M. FREEMAN, and Motion for an Order Directing Sale of the Vessel SILVER SWAN, Official No. 251399, Memorandum of Law in support thereof and supporting affidavits. The Court having considered said motion, memorandum of law, and affidavits, and finding that a defaults have been entered against the M/V SILVER SWAN, her engines, etc., and RAY M. FREEMAN, on the grounds that no paper has been filed on behalf of said parties as required, and further on the grounds that no person claiming an interest in said vessel has served any papers with this Court as required, and further finding that Plaintiff, RYBOVICH BOAT COMPANY, LLLC, is entitled to final default judgment, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Final Default Judgment against the vessel SILVER SWAN, her engines, etc. and RAY M. FREEMAN, is granted, and that Final Judgment is hereby entered in favor of RYBOVICH BOAT COMPANY, LLLC against the Defendant Vessel and Defendant RAY M. FREEMAN, in the amount of $71,964.81, plus costs in the amount of $105.17, and attorney's fees in the amount of $4,405.00, for a total of $76,474.98, through the date of this order, with post-judgment interest from the date of this

order at the rate of ~~eleven percent (11%)~~ ONE POINT FIFTY-NINE (1.59%) per annum, for which amount let execution issue forthwith, and it is hereby further

ORDERED AND ADJUDGED that the M/V SILVER SWAN, her engines, tackle, boilers, machinery, masts, anchors, rigging, boats, furniture, equipment, and supplies, etc., Official No. 251399, be sold by the U.S. Marshal of this Court on at least one calendar week's notice to the highest and best bidder, said sale to be subject to the confirmation of the Court. It is hereby further

ORDERED AND ADJUDGED that Plaintiff is entitled to bid on its judgment or any part thereof in lieu of cash at the public sale of the M/V SILVER SWAN, and shall not be required to pay cash or other payment, either as a deposit at the time of sale or as a balance of the purchase price. It is hereby further

ORDERED AND ADJUDGED that the U.S. Marshal shall be directed to give notice of said public sale pursuant to the Local Admiralty Rule of this Court, to show in said notice the time and place where said sale will be conducted and to show in said notice that prospective bidders may come on application to the U.S. Marshal at such times and In such manner as he may direct, board the said vessel for purposes of inspection thereof and show in said notice that the highest and best bidder, with the exception of Plaintiff, RYBOVICH BOAT COMPANY, LLLC, as provided above, will be required to deliver to the U.S. Marshal at the time of said sale, in cash or certified check, earnest money to at least ten (10%) percent of the bid price, the balance thereof to be paid in cash or certified check within 48 hours. It is hereby further

ORDERED AND ADJUDGED that all charges incurred by the U.S. Marshal and the Court-appointed Substitute Custodian with respect to maintenance custody and insurance of the vessel, all charges incurred by Plaintiff, costs of arrest, costs of storage, wharfage, dockage, security, maintenance of the vessel, towage, berth shifting, insurance and other miscellaneous expenses of the vessel while under arrest, and the cost of advertisement for sale by both the U.S. Marshal and

Plaintiff, shall be expenses of sale and will be taxed as costs of custodia legis against the proceeds of the sale. It is hereby further

ORDERED AND ADJUDGED that upon confirmation of the sale by the Court, the Plaintiff may apply to the Court for an amendment of its Final Default Judgment herein issued to request additional costs incurred since this judgment, including but not limited to, expenses related to the vessel including maintenance, insurance, security and attorneys' fees and costs incident to this proceeding. It is hereby further

ORDERED AND ADJUDGED that subject to the confirmation of the sale by the Court, and upon Motion by Plaintiff, the proceeds of the sale of the vessel shall be applied to satisfy, fully or partially as the case may be, Plaintiff's Final Default Judgment after satisfaction of the custodia legis and U.S. Marshal's expense of sale as herein defined. It is hereby further

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida this 16th day of October 2008.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Mark R. Hanson, Esquire, 250 Tenth Street, West Palm Beach, FL 33401

United States Marshal

Ray M. Freeman a/k/a Raymond Freeman, c/o Eye Institute of North Georgia, 299 Hurricane Shoals Road, P.O. Box 830, Lawrenceville, GA 30046-0830